IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THAD LINDSAY, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

CUTTERS WIRELINE SERVICE, INC., a Utah corporation; MESA WIRELINE, LLC, a Delaware limited liability company; LONE WOLF WIRELINE, INC., a Utah corporation; and WIRELINE SPECIALTIES, INC., a New Mexico corporation; CAPITAN CORPORATION, a Texas corporation; and CAPITAN WIRELINE, LLC, a Texas limited liability company, collectively d/b/a Cutters Wireline Group,

    Defendants

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiff Jeremy Arfsten, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Cutters Wireline Service, Inc.; Mesa Wireline, LLC; Lone Wolf Wireline, Inc; Wireline Specialties, Inc.; Capitan Corporation and Capitan Wireline, LLC, collectively doing business as **Cutters Wireline Group.**

### STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the

1

Colorado Minimum Wage Order (the "Minimum Wage Act"), the New Mexico Minimum Wage Act, NM Stat. 50-4-1, *et seq.* (the "NMMWA") and the Utah Payment of Wages Act, Utah Code §34-28-1, *et seq.* ("UPWA"), contain various rules regarding employee wages and working hours. Defendants violated these laws by failing to compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Defendants for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Defendants, is an individual and resident of the State of Colorado.

3. Cutters Wireline Group was formed through acquisition of each of the Defendant wireline companies. The corporate office for Cutters Wireline Group is 216 16th Street, Denver, Colorado 80202.

4. Defendant Cutters Wireline Service, Inc. is a corporation organized under the laws of the State of Utah operating at 632 South 1500 East, Vernal, Utah 84078. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado. Defendant was acquired by Cutters Wireline Group in 2006.

5. Defendant Mesa Wireline, LLC is a limited liability company organized under the laws of the State of Delaware operating at 2304 Logos Drive, Grand Junction, Colorado 81505 and 9 Joe Martinez, Ault, Colorado 80610. At all times relevant to this

action, Defendant has been located in and has conducted business in the State of Colorado. Defendant was acquired by Cutters Wireline Group in 2007.

6. Defendant Lone Wolf Wireline, Inc. is a corporation organized under the laws of the State of Utah operating at 632 South 1500 East, Vernal, Utah 84078 and 2319 Logos Drive, Grand Junction, Colorado 81505. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado. Defendant was acquired by Cutters Wireline Group in 2007.

7. Defendant Wireline Specialties, Inc. is a corporation organized under the laws of the State of New Mexico operating at 905 South Hutton, Farmington, New Mexico 87401. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado. Defendant was acquired by Cutters Wireline Group in 2008.

8. Defendant Capitan Wireline, LLC is a limited liability company organized under the laws of the State of Texas. Defendant Capitan Corporation is a corporation organized under the laws of the State of Texas. On information and belief, both companies operate at 4405 SCR 1270, Midland, TX 79706, and at all times relevant to this action, have been located in and have conducted business in the State of Colorado. Defendant Capitan Wireline was acquired by Cutters Wireline Group in 2012.

9. Each Defendant is and was a joint employer of Plaintiff within the meaning of the wage and hour laws. The companies shared employees, equipment and management and worked together on wireline jobs. As a result, each Defendant is

3

jointly and severally liable for the conduct alleged herein. Hereinafter, all Defendants shall collectively be referred to as Cutters.

10. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

11. Cutters is an oilfield service company providing wireline services at locations in Colorado, Wyoming, Texas, Utah and New Mexico. Plaintiff worked for Cutters as a wireline operator at various locations in Colorado, New Mexico and Utah. In this capacity, Plaintiff's work consisted of physical, "blue collar" labor.

12. Although Plaintiff was required to work overtime hours, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for these overtime hours. Given the nature of Plaintiff's work, no overtime exemption applies to Plaintiff.

13. On information and belief, none of Cutters' non-exempt operators were paid properly for their time worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

4

ALL CURRENT OR FORMER NON-EXEMPT EMPLOYEES
OF CUTTERS WHO WERE NOT COMPENSATED
PROPERLY FOR ALL OVERTIME HOURS WORKED.

15. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds two-hundred.

   b. Numerous questions of law and fact regarding the liability of Cutters are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Cutters' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

16. For the foregoing reasons, Plaintiff also seeks certification of an FLSA

"opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Cutters' common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*)**

17. Plaintiff incorporates by reference all of the above paragraphs.

18. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

19. Each Defendant, individually and collectively, is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

20. At all relevant times, each Defendant has had gross annual volume of sales in excess of $500,000.

21. At all relevant times, each Defendant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

22. Plaintiff was an employee of Cutters within the meaning of the FLSA.

23. While employed by Cutters, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24. As a result of the foregoing conduct, as alleged, Cutters has violated,

and continues to violate, the FLSA, 29 U.S.C. §201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

25. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, §8-4-101, *et seq.*)**

26. Plaintiff incorporates by reference all of the above paragraphs.

27. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

28. At all relevant times, each Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

29. Plaintiff was an employee of Cutters within the meaning of the Wage Claim Act.

30. As a result of the foregoing conduct, as alleged, Cutters has failed to pay wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

31. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current Cutters employees whose employment terminates at any time in the future. Such payment can

be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq.*)**

32. Plaintiff incorporates by reference all of the above paragraphs.

33. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

34. At all relevant times, each Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

35. Plaintiff was an employee of Cutters within the meaning of the Minimum Wage Act.

36. As a result of the foregoing conduct, as alleged, Cutters has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

37. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Violation of the New Mexico Minimum Wage Act, NM Stat. 50-4-1, *et seq.*)**

38. Plaintiff incorporates by reference all of the above paragraphs.

39. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA.

40. At all relevant times, each Defendant has employed and continues to employ "employees" within the meaning the NMMWA, including Plaintiff.

41. As a result of the foregoing conduct, as alleged, Cutters has violated, and continues to violate, the NMMWA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

42. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
**(Violation of the Utah Payment of Wages Act, Utah Code §34-28-1, *et seq.*)**

43. Plaintiff incorporates by reference all of the above paragraphs.

44. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the UPWA

45. At all relevant times, each Defendant has employed and continues to employ "employees" within the meaning the UPWA, including Plaintiff.

46. As a result of the foregoing conduct, as alleged, Cutters has violated, and continues to violate, the UPWA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

47. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
**(Breach of Contract)**

48. Plaintiff incorporates by reference all of the above paragraphs.

49. Cutters was contractually obligated to pay Plaintiff and Class Members in accordance with state and federal wage and hour laws. Although Plaintiff and Class

9

Members complied with all conditions precedent and performed their obligations under the contract, Cutters breached the contract as described herein.

50. As a result, Plaintiff and Class Members been damaged in an amount to be determined at trial.

## **DOCUMENT PRESERVATION**

51. As part of discovery, Plaintiff will be requesting certain documents and information from each Defendant. Please note the document preservation instructions attached hereto.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Cutters as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties/interest as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of June, 2017.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium.

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to

>           Defendant's compliance with the Fair Labor Standards Act and/or state laws; and
>
> -         Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.