IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01445-PAB-SKC

THAD LINDSAY, on behalf of himself and all others similarly situated,

     Plaintiff,

v.

CUTTERS WIRELINE SERVICE, INC., a Utah corporation;
MESA WIRELINE, LLC, a Delaware limited liability company;
LONE WOLF WIRELINE, INC., a Utah corporation;
WIRELINE SPECIALITES, INC., a New Mexico Corporation;
CAPITAN CORPORATION, a Texas corporation; and
CAPITAN WIRELINE, LLC, a Texas limited liability company, collectively d/b/a Cutters
Wireline Group,

     Defendants.

_____

**ORDER**
_____

     This matter is before the Court on Plaintiff's Motion for Class Certification of
State Law Claims [Docket No. 62].

## I. BACKGROUND

     This is a wage and hours dispute. Plaintiff Thad Lindsay, a resident of Colorado,
worked as a wireline operator for defendant Cutters Wireline Service, Inc. ("Cutters") in
several states, including Colorado, New Mexico, and Utah. Docket No. 1 at 4, ¶ 11;
Docket No. 22 at 2, ¶ 2; Docket No. 29-1 at 4, ¶ 20. Cutters is the parent company of
various wireline companies[1] that operate in different states and regions. Docket No. 62

_____

[1] According to plaintiff, "wireline services involve the insertion of various types of
equipment down a drilled well to perform certain operations, e.g., removal of blockages
and perforation of pipe to allow oil and gas to flow into the well." Docket No. 62 at 2.

at 2. Specifically, Texas employees work for Capitan Corporation and Rocky Mountain employees – which covers Colorado, Utah, and New Mexico – work for Cutters. *Id*.

Plaintiff alleges that, during the time period identified in the proposed class, Cutters operators were paid an hourly rate plus a bonus that was calculated as a percentage of the amount of work invoiced. Docket No. 62 at 3. Operators were paid time and a half for any work in excess of forty hours per week; however, plaintiff states that this overtime rate "was calculated based on [the] hourly rate alone." *Id.* As a result, an operator's bonus was not a factor in calculating overtime pay. *Id.* Plaintiff believes that the bonus should have been included and, therefore, he and other operators were underpaid. *Id.* Cutters eventually changed its policy and began "factoring bonus pay into overtime rates as of Summer 2016." *Id.*

According to plaintiff's motion, Cutters treats operators as exempt employees for the purposes of "state and federal overtime laws." *Id.* at 3-4. Nonetheless, plaintiff alleges that "Cutters agreed to treat [o]perators as non-exempt" and, therefore, agreed to pay overtime and use an operator's bonus as a factor in overtime compensation. *Id.* at 4. Because Cutters failed to do so, it "breached its agreement" with the relevant operators. *Id.*

Plaintiff filed his complaint on June 14, 2017. Docket No. 1. The complaint includes claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, claims for violations of state wage and hours laws, and a breach of contract claim. Docket No. 1 at 6-9. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b); the Court granted conditional class certification of that claim on

August 27, 2018.  Docket No. 45.  The present motion requests that the Court certify a class under Rule 23 as to certain state law claims.  Docket No. 62 at 4; Docket No. 74 at 2.

## II.  STANDARD OF REVIEW

A district court may certify a class action if the proposed class satisfies the prerequisites of Fed R. Civ. P. 23(a) as well as the requirements of one of the three types of classes in Rule 23(b).  "The party seeking class certification bears the burden of proving Rule 23's requirements are satisfied."  *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004)).  In deciding whether the proposed class meets these requirements, the district court "must accept the substantive allegations of the complaint as true," but it "need not blindly rely on conclusory allegations of the complaint which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints."  *Id.* (quotations omitted).  "[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quotations omitted).

## III.  ANALYSIS

Before addressing the four prerequisites set forth in Rule 23(a), the Court must determine whether plaintiff has proposed an ascertainable class.   This is particularly true where, as here, the thrust of defendants' argument against class certification

relates to whether plaintiff's proposed class is ascertainable. *See* Docket No. 72 at 4-5.[2] "Although not specifically mentioned in the rule, an essential prerequisite to an action under Rule 23 is that there must be a class." *Edwards*, 2012 WL 4378219, at *4 (quotations omitted); *see also Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013) (noting that "[c]lass ascertainability is an essential prerequisite of a class action, at least with respect to actions under Rule 23(b)(3)" (quotations omitted)). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 397 (D. Colo. 2014).

Plaintiff proposes the following class: "All current and former Cutters Operators who were paid an hourly rate and bonus at any time from June 14, 2011 through Summer 2016." Docket No. 62 at 4.

The Court finds that this is an ascertainable class. It is ascertained by reference to objective criteria, namely, Cutters operators in a particular time period being paid according to a particular pay schedule. None of the these metrics are subjective, and it is simple to determine who is in the putative class. Defendants argue that it is impossible to determine who "*might* be a member and whether [p]laintiff *could* be a proper representative." Docket No. 72 at 5. But defendants' real concern seems to be with commonality and whether plaintiff is an appropriate class representative, not with whether plaintiff has proposed an ascertainable class.

Rule 23(a) looks to four criteria to determine whether a class should be certified:

---

[2] The bulk of defendants' response is dedicated to a proposed New Mexico subclass that plaintiff no longer proposes. *See* Docket No. 72 at 5-14; Docket No. 74 at 1-2. As a result, the Court does not address defendants' arguments as to the New Mexico subclass.

(1) "the class is so numerous that joinder of all members is impracticable";

(2) "there are questions of law or fact that are common to the class";

(3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and

(4) "the representative parties will fairly and adequately represent the interests of the class."

*CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014). There are several issues with plaintiff's motion: commonality, typicality, the ambiguity surrounding plaintiff's claims, and possible preemption. The Court addresses each in turn.

First, the Court analyzes whether plaintiff has satisfied the commonality requirement of Rule 23(a)(2). Rule 23(a)(2) looks to whether "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The questions of law and fact need not be identical and "even a single common question will do." *Wal-Mart Stores*, 564 U.S. at 359. However, "[f]or a common question of law to exist, the putative class must share a discrete legal question of some kind." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999). Ostensibly, the discrete legal question at issue is whether Cutters breached its "agreement to pay [o]peratiors as non-exempt employees." Docket No. 62 at 10.

Even assuming that plaintiff is correct that "the pay policy was identical," *id.*, for all operators, there still would not be a "discrete legal question" necessary for class certification. *Valdez*, 186 F.3d at 1289. This is because plaintiff's proposed class

5

includes operators from at least two, and possibly three, states: Colorado, Utah, and New Mexico. *See* Docket No. 64 at 2. Plaintiff states that his Rule 23 class certification is for a "common-law breach of contract claim." Docket No. 74 at 2. Even though plaintiff alleges that all operators are subject to the same pay schedule, he has not assured the Court that the contracts underpinning those pay schedules are subject to the same state's laws. Given the regional reach of Cutters, and the fact that Cutters purchased Mesa Wireline, LLC, Lone Wolf Wireline, Inc., and Wirelines Specialities, Inc., the Court cannot conclude that the breach of contract claim will turn on the same legal principles for each putative class member. *See Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, LLC*, 861 F. Supp. 2d 1256, 1267 (D. Colo. 2012) (noting that Colorado choice of law principles require a court to "apply the law of the state with the most significant relationship to the contract" (citation omitted)).

To show that a "discrete legal question" is common to the class, plaintiff must either narrow his class to a particular state, or provide evidence that governing law for each class member's breach of contract claim is the same. Without a more narrow class, or more evidence, the Court cannot find that a "classwide proceeding will be efficacious in generating common answers apt to drive the resolution of the litigation." *Martinez v. Nash Finch Co.*, No. 11-cv-02092-MSK-KLM, 2013 WL 1313921, at *5 (D. Colo. Jan. 30, 2013). There will not be "common answers", *see id.*, to the question of whether defendants breached a contract with putative class members if the determination of whether such a contract was breached relies on varying principles of contract based on differing state common law approaches to contract doctrine. *See*

6

*Simon v. Metro. Prop. and Cas. Ins. Co.*, 2012 WL 12931425, at *4 (W.D. Okla. Jan. 12, 2012) ("The burden of showing uniformity of state law or the existence of only a small number of applicable standards among the laws of the fifty states rests squarely will the paintiff[]." (quotations and citation omitted)).

Second, the Court addresses typicality and standing. Article III standing requires that the plaintiff "must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quotations, alterations, and citation omitted). A plaintiff must meet these requirements even in the context of a class action. *See Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2018 WL 1948687, at *6 (D. Colo. Feb. 2, 2018). "[N]amed plaintiffs who represent a class 'must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Id.* (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)). Therefore, a plaintiff "lack[s] standing to bring claims under the laws of states where the named plaintiff[] [has] not worked or resided." *Id.* A plaintiff who lacks standing to pursue class claims does not satisfy the typicality requirement of Rule 23. *Rector v. City and Cty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003).

In his complaint, plaintiff states that he worked "as a wireline operator at various locations in Colorado, New Mexico[,] and Utah." Docket No. 1 at 4, ¶ 11. However, plaintiff has made no allegations and has not provided any facts stating that he worked in those states during the time period identified in the proposed class. Given that

plaintiff's proposed class is not limited to one state – like Colorado, where he resides – the Court is unable to determine whether plaintiff has standing to pursue his claim on behalf of all members of the proposed class. Plaintiff therefore has not satisfied his burden of proving that he meets the requirements of Rule 23(a)(3).

Third, plaintiff fails to demonstrate that he may pursue both his FLSA claim and his claim for breach of contract. Duplicative state law claims are preempted by FLSA. *Barnett v. Pikes Peak Community College Police Dep't*, No. 14-cv-02820-LTB, 2015 WL 4245822, at *5 (D. Colo. July 14, 2015). The ability of plaintiff to pursue his FLSA claim and his other claims is compounded by the ambiguity of what claims plaintiff seeks to certify. Plaintiff must demonstrate that his non-FLSA claims – whether common law breach of contract or statutory claims – do not duplicate the relief sought from FLSA.[3]

## IV. CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion for Class Certification of State Law Claims [Docket No. 62] is **DENIED**. It is further

**ORDERED** that plaintiff may file a second motion for class certification within forty-five days of the date of this order. It is further

---

[3] Defendants have also filed a Motion for Leave to File Sur-Reply [Docket No. 75]. Granting leave to file a surreply is part of the "supervision of litigation" and thus falls within the discretion of the district court. *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006). However, the Court must allow a non-movant to file a surreply to respond to any new arguments in the moving party's reply. *Id.* ("If the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials." (citations omitted)). Plaintiff contends that defendants raised a new basis for class certification. Docket No. 75 at 1. The Court, however, finds that defendants have not introduced a new argument or material that requires the Court to allow plaintiff to respond.

**ORDERED** that Defendants' Motion for Leave to File Sur-Reply [Docket No. 75] is **DENIED**.

DATED March 10, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge