IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01445-PAB-SKC

THAD LINDSAY,

    Plaintiff,

v.

CUTTERS WIRELINE SERVICE, INC., a Utah corporation;
MESA WIRELINE, LLC, a Delaware limited liability company;
LONE WOLF WIRELINE, INC., a Utah corporation;
WIRELINE SPECIALITES, INC., a New Mexico Corporation;
CAPITAN CORPORATION, a Texas corporation; and
CAPITAN WIRELINE, LLC, a Texas limited liability company, collectively d/b/a Cutters Wireline Group,

    Defendants.

---

# ORDER

---

This matter is before the Court on Defendants' Motion for Summary Judgment [Docket No. 96]. Plaintiff filed a response. Docket No. 100. Plaintiff filed this action on June 14, 2017. Docket No. 1. The complaint includes claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., claims for violations of state wage and hours laws, and a breach of contract claim. *Id.* at 6-10. Plaintiff brought his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b); the Court granted conditional class certification of that claim on August 27, 2018. Docket No. 45. On June 24, 2019, plaintiff filed a motion to certify a Federal Rule of Civil Procedure 23 class. *See* Docket No. 62. On March 10, 2020, the Court denied plaintiff's motion. *See* Docket No. 79. Plaintiff filed a renewed motion to certify the Rule 23 class, *see* Docket No. 80, but the

Court denied plaintiff's renewed motion as well.  *See* Docket No. 90 at 12.  In defendants' motion for summary judgment, they assert that the only claim left in this case is plaintiff's breach of contract claim.  Docket No. 96 at 2.  In his response to the motion, plaintiff does not dispute that only the breach of contract claim remains.  Docket No. 100 at 7-8.

In plaintiff's complaint, he asserted that, given his claim under the FLSA, the Court had jurisdiction pursuant to 28 U.S.C. § 1331.  Docket No. 1 at 4; Docket No. 1-2 at 1.  Plaintiff did not allege that the Court also has diversity jurisdiction over his breach of contract claim.  *See* Docket No. 1-2 at 1.  Even though the only claim remaining is one over which the Court does not have original jurisdiction, defendants request that the Court retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because of "the Court's extensive knowledge of the facts and procedural history, and the existence of grounds that warrant disposition of this matter on the merits without further litigation."  Docket No. 96 at 2, n. 4.  Plaintiff does not comment on jurisdiction.  *See* Docket No. 100.

Although the Court may exercise supplemental jurisdiction over a state law claim if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (brackets, internal citations, and internal quotation marks

omitted). This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits." *Id.* at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

The Court will decline to exercise supplemental jurisdiction over plaintiff's claim for breach of contract, and that claim will be dismissed without prejudice. *See* Colo. Rev. Stat. § 13-80-111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction); *Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

It is

**ORDERED** that plaintiff's claim for breach of contract is **DISMISSED without prejudice**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No.96] is **DENIED** as **MOOT**. It is further

**ORDERED** that this case is closed.

DATED: March 30, 2022.

             BY THE COURT

             _____
             PHILIP A. BRIMMER
             Chief United States District Judge