IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-01445-PAB-SKC

THAD LINDSAY, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

CUTTERS WIRELINE SERVICE, INC., a Utah corporation;
MESA WIRELINE, LLC, a Delaware limited liability company;
LONE WOLF WIRELINE, INC., a Utah corporation;
WIRELINE SPECIALITES, INC., a New Mexico corporation;
CAPITAN CORPORATION, a Texas corporation; and
CAPITAN WIRELINE, LLC, a Texas limited liability company, collectively d/b/a Cutters Wireline Group,

    Defendants.

# ORDER

This matter is before the Court on plaintiff's Motion to Vacate Judgment and Award of Costs [Docket No. 106]. Plaintiff seeks an order vacating the costs awarded to defendant. Plaintiff states that, "[b]ecause this case was dismissed without prejudice, and because Rule 54(d)(1) requires a prevailing party for an award of costs, Plaintiff believes the Judgment and award of costs were entered in error." Docket No. 106 at 1.

## I. BACKGROUND

Plaintiff filed this action on June 14, 2017 bringing individual, class, and collective claims of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., claims for violations of state wage and hours laws, and a breach of contract claim. Docket No. 1 at 6-10 ¶¶ 17-50. On August 27, 2018, the Court granted conditional class certification

on plaintiff's FLSA claim.  Docket No. 45.  Plaintiff filed a motion to certify a Federal Rule of Civil Procedure 23 class, Docket No. 62, which the Court denied.  Docket No. 79.  Plaintiff renewed his motion, Docket No. 80, and the Court denied plaintiff's renewed motion.  Docket No. 90.

Defendants moved for summary judgment on plaintiff's remaining breach of contract claim.  Docket No. 96.  Jurisdiction in this case was based on plaintiff's federal claims.  Docket No. 101 at 2.  When plaintiff chose only to pursue a breach of contract claim, the Court declined to retain supplemental jurisdiction over plaintiff's state law claim.  *Id.* at 3.  The Court dismissed plaintiff's claim for breach of contract without prejudice and denied defendants' motion for summary judgment as moot.  *Id.*  On March 30, 2022, the Court ordered the case closed.  *Id.*  Final judgment was entered on March 31, 2022.  Docket No. 102.  Defendants were awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  *Id.* at 1.

On April 28, 2022, plaintiff moved "under Fed. R. Civ. P. 59 and/or 60"[1] to vacate the Court's award of costs to defendant.  Docket No. 106 at 1.  Defendants oppose plaintiff's motion.  Docket No. 107 at 1.

---

[1] Plaintiff does not specify whether Rule 59 or Rule 60 should be used to evaluate his motion and does not provide any argument explaining why the Court should evaluate his motion under both rules.  "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies to a motion depends essentially on the time a motion is served."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  As plaintiff's motion was filed within 28 days of the entry of final judgment, the Court will evaluate plaintiff's motion under Rule 59.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend judgment no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Such a motion is appropriate in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," and may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The decision to grant or deny a Rule 59 motion is committed to the Court's discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## III. ANALYSIS

Plaintiff argues that the Court's award of costs to defendants should be vacated because the case was dismissed without prejudice and plaintiff believes costs were awarded in error. Docket No. 106 at 1. Defendants respond that a court has the discretion to award costs to the prevailing party regardless of whether the case was dismissed with or without prejudice. Docket No. 107 at 4.

Federal Rule of Civil Procedure 54 states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). A defendant is a "prevailing party" where a plaintiff voluntarily dismisses the action under Federal Rule of Civil

3

Procedure 41.  *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 456 (10th Cir. 1995) ("We . . . hold that a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice.").

Rule 54(d)(1) creates "a presumption that the district court will award costs to the prevailing party." *Id.* at 458-59.  Therefore, only where a district court can provide a "valid reason" for not awarding costs to a prevailing party will a decision not to award costs be upheld.  *Id.* at 459.  According to the Tenth Circuit, valid reasons for which a district court may deny costs to a prevailing party include: where a party was only partially successful; where prevailing parties were obstructive and acted in bad faith during the course of the litigation; where the damages awarded were nominal or recovery is otherwise insignificant; where the non-prevailing party was indigent; where the costs are unreasonably high or unnecessary; or where the issues are close and difficult.  *Id.*

Furthermore, it is the non-prevailing party's burden to establish that a valid reason exists for a denial of costs.  *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).  In deciding whether the burden has been met, a court must keep in mind that "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied."  *Id.* (internal quotation marks and citation omitted).  Plaintiff, therefore, may avoid the payment of costs only if it can establish an exception to the general rule.  *See id.*

Plaintiff does not explain why defendants would not be the prevailing party.  Plaintiff implies that a party does not prevail where a claim is dismissed without prejudice.  The

4

Tenth Circuit has ruled that a district court can find that a party is the prevailing party whether the claims against it are dismissed with or without prejudice. *See Burton v. Vectrus Sys. Corp.*, 834 F. App'x 444 (10th Cir. 2020) (unpublished) (upholding an award of costs where defendant successfully litigated dismissal of all of plaintiff's federal claims and the court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims). Plaintiff does not point to an exception to the rule that the prevailing party should be awarded costs and fails to show defendants are not the prevailing party. Moreover, plaintiff's motion does not show that "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.

Plaintiff's reply argues that the Court did not intend to rule defendants are the prevailing party and that it exceeded the Court Clerk's discretion to award costs. Docket No. 108 at 1. As this argument was raised for the first time in a reply brief, it is waived. *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)). Even if this argument were not waived, plaintiff does not explain why the Court's conclusion that defendants are the prevailing party should not be followed. Plaintiff has not argued that costs should not be awarded to defendants under Rule 54 and has failed to point to any reason why the Court should disturb the final judgment in this case under Rule 59.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's Motion to Vacate Judgment and Award of Costs [Docket No. 106] is **DENIED**.

DATED: February 21, 2023.

BY THE COURT

PHILIP A. BRIMMER
Chief United States District Judge